IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-01567-BNB

JEREMY PINSON,

       Plaintiff,

v.

LIEUTENANT ARMIJO,
LIEUTENANT SHATTO,
OFFICER SUTTON,
M. ANDREIS,
FEDERAL BUREAU OF PRISONS, and
R. CAMACHO,

       Defendants.

---

ORDER

---

       Plaintiff, Jeremy Pinson, is in the custody of the Federal Bureau of Prisons and at the United States Penitentiary-ADX in Florence, Colorado.  On June 13, 2013, Mr. Pinson initiated this action by filing *pro se* a Prisoner Complaint that alleges a violation of his constitutional rights.  He seeks money damages and an  injunction against the BOP for discontinuing medications prescribed by non-BOP physicians.

       The Court must construe the Prisoner Complaint liberally because Mr. Pinson is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will direct Mr. Pinson to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915.

       In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Mr. Pinson, on three or more prior occasions, has brought an action that was dismissed on the grounds that it was frivolous.  *Pinson v. Berkebile, et al.*, No. 12-cv-02118-LTB (D. Colo. Sept. 5, 2012) (dismissed as legally frivolous), *appeal dismissed*, No. 12-1363 (10th Cir. Oct. 31, 2012); *Pinson v. Chipi, et al.*, No. 09-cv-00283-WTH-GRJ (M.D. Fla. July 30, 2009) (dismissed for abuse of judicial process and counts as a strike under 28 U.S.C. § 1915(g)), *appeal dismissed*, No. 10-12235-B (11th Cir. Feb. 2, 2011) (dismissed as frivolous), *cert. denied*, No. 10-11063, 2011 WL 4532284 (Oct. 3, 2011); *Pinson v. Pineiro, et al.*, No. 09-cv-00244-WTH-GRJ (M.D. Fla. July 30, 2009) (dismissed for abuse of judicial process and counts as a strike under 28 U.S.C. § 1915(g)), *vol. dismissed*, No. 09-14528-C (11th Cir. Oct. 16, 2009); *Pinson v. Grimes, et al.*, No. 09-cv-00238-WTH-GRJ (M.D. Fla. July 30, 2009) (dismissed for abuse of judicial process and counts as a strike under 28 U.S.C. § 1915(g)), *aff'd in part*, No. 09-14242, 391 F. App'x 797 (11th Cir. Aug. 9, 2010) (§ 1915(g) dismissal affirmed regarding strike, but dismissal with prejudice remanded as too harsh), *cert. denied*, 131 S. Ct. 527 (Nov. 1, 2010).

The Court's § 1915(g) determination in each of the above-noted cases was consistent with *Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011). Also, if the Tenth Circuit dismisses "as frivolous the appeal of an action the district court

dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes." *See*

*Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775 (10th Cir.

April 20, 1999).

In response to the question on Page Two of the Prisoner's Motion and Affidavit

for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that asks if Mr. Pinson is in

imminent danger of serious physical injury, he states "See Complaint at Claim One (In

severe pain, am vomiting blood, dizzy, weak and tired)." In the Complaint, Mr. Pinson

asserts that on May 3, 2013, he attempted suicide by ingesting aspirin, allergy tablets,

and unknown other pills. Then, on June 8, 2013, he again attempted suicide by

ingesting over 100 tablets of Tylenol. Mr. Pinson asserts that he was taken to St.

Thomas Amore Hospital, given an "emergency drug" to prevent liver failure, and

prescribed Oxycodone and other drugs for stomach acid and nausea. When Plaintiff

returned to prison on June 10, 2013, Defendant Camacho immediately discontinued the

Oxycodone, antacid, and nausea drugs. Plaintiff contends that he continues to

experience severe pain, vomits blood, and is tired and weak.

On July 8, 2013, Plaintiff filed an emergency motion for a preliminary injunction

and most recently an emergency petition for mandamus in the Tenth Circuit. In the

motion for preliminary injunction, Plaintiff asserts that he has experienced excruciating

pain and is vomiting blood, and asks that the BOP be directed to allow him access to a

GI specialist and to the medications prescribed by the outside hospital.

Mr. Pinson is no stranger to this Court and to at least nineteen other federal

district courts. Since November 2007, Mr. Pinson has filed forty-three cases in this

Court; and since September 2005, he has filed at least 136 cases in various other

federal district courts, along with 64 appeals in seven different circuits.

Since June 13, 2013, when he filed this case, Mr. Pinson has initiated fin this Court five additional prisoner complaints and seven habeas actions. *See Pinson v. Andreis, et al.*, No. 14-cv-00645-BNB (D. Colo. Filed Feb. 28, 2014) (gums and teeth infected); *Pinson v. Berkebile*, No. 14-cv-00475-BNB (D. Colo. Filed Feb. 24, 2014) (§ 2241 action; no mental evaluation conducted in disciplinary proceeding); *Pinson v. Berkebile*, No. 14-cv-00423-BNB (D. Colo. Filed Feb. 14, 2014) (§ 2241 action; no mental evaluation conducted in disciplinary proceeding); *Pinson v. Berkebile*, No. 14-cv-00410-BNB (D. Colo. Filed Feb. 13, 2014) (§ 2241 action; no mental evaluation conducted in five disciplinary proceedings); *Pinson v. Balsick, et al.*, No. 14-cv-00285-BNB (D. Colo. Filed Jan. 30, 2014 (defendants withheld food); *Pinson v. Fed. Bureau of Prisons, et al.*, No. 13-cv-3138-LTB (D. Colo. Dec. 27, 2013) (originally filed in District of Columbia challenging his placement at ADX because BOP policy prohibits epileptics being placed at ADX; dismissed action when this court denied a transfer back to District of Columbia); *Pinson v. Berkebile*, No. 13-cv-03050-LTB (D. Colo. Dec. 23, 2013) (§ 2241 action; dismissed for failure to cure deficiencies); *Pinson v. Berkebile*, 13-cv-03252-BNB (D. Colo. Filed Nov. 29, 2013) (§ 2241 action; no mental evaluation conducted in disciplinary proceedings); *Pinson v. Berkebile*, No. 13-cv-02821-LTB (D. Colo. Nov. 5, 2013) (filed condition of confinement claims under § 2241; dismissed and warned of sanctions if files conditions claim again in § 2241), *aff'd*, No. 13-1505 (10th Cir. Feb. 4, 2014) (found conditions claims and ordered to pay fee in full), *petition for cert. filed*, No. 13-8788 (U.S. Feb. 21, 2014); *Pinson v. Fed. Bureau of Prisons, et al.*, No. 13-cv-02681-BNB (D. Colo. Filed Oct. 2, 2013) (denial of proper medical treatment);

*Pinson v. Berkebile*, No. 13-cv-01953-LTB (D. Colo. Sept. 17, 2013) (failure to amend §
2241 action), *aff'd*, No. 1399 (10th Cir. Dec. 10, 2013); *Pinson v. Snider, et al.*, No. 13-
cv-01990-BNB (D. Colo. Filed July 24, 2013) (exposure to chemical agents).

        Also since June 13, 2013, Mr. Pinson has initiated twelve actions in several other
federal district courts.  *Pinson v. Reynolds, et al.*, No. 13-cv-00428-WTL-WGH (S.D.
Ind. Dec. 19, 2013) (filed with other inmate, Mikeal Stine; court severed case; dismissed
because § 1915(g) and failed to pay full fee; Pinson filed injunctive motion after
dismissal claiming mental health issues, which was denied), *pending appeal*, No. 14-
1122 (7th Cir. Filed Jan. 7, 2014); *Pinson, et al., v. Unknown Party, et al.*, No.13-cv-
01690-DCB-PSOT (D. Ariz. Dec. 6, 2013) (claims and plaintiffs severed; case
dismissed; two new cases opened); *Pinson v. Unknown Party, et al.*, No. 13-cv-02059-
DCB-PSOT (D. Ariz. Filed Dec. 6, 2013) (claims inmates at federal prison in Tucson,
Arizona, were told Pinson is a snitch; court found no imminent danger and ordered
Pinson to show cause why he should not be denied leave to proceed pursuant to
§ 1915 as Pinson is restricted under § 1915(g); pending review of Pinson's response);
*Pinson, et al., v. John Does, et al.*, No. 13-cv-013077-NMG (D. Ma. Filed Nov. 25, 2013)
(Mr. Pinson and Mikeal Stine claim defendant John Doe, investigative agent in
Maryland, labeled them snitches and placed them on mail restrictions); *Pinson, et al., v.
Doe #1-2, et al. ,* No. 13-cv-5502-KAW (N.D. Cal. Filed Nov. 27, 2013) (Mr. Pinson,
Mikeal Stine, and four other inmates, three of which are located at a prison facility other
than ADX Florence, claim that staff at the Pelican Bay State Prison have told inmates at
the Pelican Bay Prison that Pinson and Stine are snitches in retaliation for their
involvement in the Federal Prisoners Union, coordination of hunger strikes, publication

of numerous articles in the San Francisco Bay View and other publications, and

coordinating twenty-eight lawsuits against prison officials and contributing to the

prosecution of one against the California Department of Corrections and Rehabilitation

and threatened inmates at Pelican Bay if they worked with Pinson and Stine they may

face brutal retaliation including hanging); *Pinson v. John Doe #1, et al.*, No. 13-cv-

00134-ART (E.D. Ky. Filed Nov. 20, 2013) (special investigative agent at USP Inez told

inmate that Pinson and Stine are snitches and Jeremy Brown is a "rat" and to not file

joint lawsuits with Pinson and Stine; as a result they have been assaulted and

threatened; claims and plaintiffs were severed, Pinson only remaining plaintiff); *Pinson*

*v. Laird, et al.*, No. 13-cv-03198-SAC (D. Kan. Filed Nov. 14, 2013) (challenging medical

treatment for epilepsy, subject to § 1915(g), found to lack imminent danger, and

dismissed for failure to pay full filing fee) *appeal pending*, No. 14-3007 (10th Cir. Filed

Jan. 10, 2014) (found subject to § 1915(g); directed to pay $505 filing fee in full); *Pinson*

*v. John Doe # 1 and #2*, No. 13-cv-01821-MJS (E.D. Cal. Filed Nov. 12, 2013)

(defendants told inmate at USP Atwater that Pinson and Stine are snitches and Brown

is a "rat"; as a result the Mexican Mafia has threatened to kill Stine, Pinson, and Brown;

plaintiffs and claims were severed, only Pinson remains in case, and mandamus to

Ninth Circuit regarding claims denied); *Pinson v. Fed. Bureau of Prisons, et al.*, No. 13-

cv-01661-UNA (D. D.C. Oct. 25, 2013) (claiming his epilepsy requires placement in

medical facility; transferred to D. Colo. for proper venue); *Pinson, et al., v. Laird, et al.*,

No. 13-cv-03033-SAC (D. Kan. July 30, 2013) (claims protective segregation needed at

Florence; multi-plaintiff, Stine, Bruce, and Hipps, severed and Bruce voluntarily

dismisses; motion for injunctive relief regarding gassing of inmates; *in forma pauperis*

*status* denied; Pinson filed interlocutory appeal certification denied and denied by Tenth

Circuit), *appeal dismissed*, No. 13-3176 (10th Cir. Aug. 19, 2013) (lack of prosecution);

*Pinson, et al., v. Bur. of Prisons, et al.*, No. 13-cv-03079-SAC (D. Kan. July 9, 2013)

(claims unsanitary conditions; complaint authored by Mikeal Stine; complaint severed in

Case No. 13-cv-03002; Pinson ordered to pay fee in full no imminent danger and

subject to § 1915(g); Pinson filed interlocutory appeal, certification denied and denied

by Tenth Circuit; district court dismissed for lack of prosecution).

Between October 22, 2012, and June 13, 2013, Mr. Pinson filed in this Court

eight prisoner complaints, including this action.  *See John Doe, et al., v. Fed. Bureau of*

*Prisons, et al.*, No. 13-cv-00104-RBJ-BNB (D. Colo. Feb. 18, 2014) (Pinson dismissed

from action for submitting and signing pleadings without the knowledge of coplaintiffs);

*Bruce v. Wilson*, No. 13-cv-00491-WJM-CBS (D. Colo. Nov. 4, 2013) (Pinson original

plaintiff with Antoine Bruce; claims and plaintiffs severed and a new action was opened

on Pinson's behalf in Case No. 13-cv-00749-RM); *Pinson v. Berkebile, et al.*, No. 12-cv-

02802-LTB (D. Colo. June 25, 2013) (case dismissed for failure to make monthly

payment or in alternative to show cause why not able to; noted two month delay in

processing case caused by Mr. Pinson even though he claimed imminent danger);

*Pinson v. Kasdon*, No. 13-cv-01384-RM-BNB (D. Colo. Filed May 28, 2013) (conclusory

claims of threats and retaliation against Defendants Snider and Berkebile dismissed as

legally frivolous; claims against Kasdon, including disconnect of sink and toilet,

confiscation of asthma inhaler, and sexual assault, pending review based on imminent

danger and § 1915(g) waived);  *Pinson, et al., v. No Named Defendants*, No. 13-cv-

00651-LTB (D. Colo. Apr. 23, 2013) (claims filed pursuant to crime victims act for BOP's

7

failure to protect them; dismissed in part for failure to cure and in part voluntary

dismissal), *appeal dismissed*, No. 13-1206 (10th Cir. May 24, 2013) (*in forma pauperis*

status on appeal denied; dismissed for failure to pay fee in full and to prosecute); *Hipps,*

*et al., v. Fed. Bureau of Prisons, et al.*, No. 13-cv-00604-LTB (D. Colo. Apr. 18, 2013)

(multi-plaintiff, Hipps, Bruce, Bacote, Pinson, and Stine claiming exposure to biohazard

materials; Stine dismissed due to sanctions and others dismissed for failure to cure

deficiencies), *appeal dismissed*, No. 13-1192 (10th Cir. June 6, 2013) (denied *in forma*

*pauperis* status on appeal; dismissed for failure to pay filing fee in full and for lack of

prosecution); *Pinson v. Fed. Bureau of Prisons, et al.*, No. 13-cv-00749-RM (D. Colo.

Filed Feb. 25, 2013) (pending motion to dismiss by defendants; Pinson has filed

injunctive motions, motion to amend to add eight defendants, motion for ADR;

recommendation pending to deny motion for injunctive relief); *Pinson v. Madison, et al.*,

No. 13-cv-00157-LTB (D. Colo. Mar. 29, 2013) (originally Pinson and Mr. Villatoro were

plaintiffs to the action; Villatoro filed a notice of voluntary dismissal; when Pinson was

directed to file an amended complaint that stated how he was in imminent danger of

serious physical injury Pinson filed a notice of voluntary dismissal; four months later

both plaintiffs filed a motion to reinstate, which was denied).

In two of the eight complaints, after asserting imminent danger and filing an

emergency motion for preliminary injunction, Mr. Pinson either voluntarily dismissed the

action, *see* No. 13-cv-00157-LTB at ECF Nos. 1, 9 and 14, or caused over a two-month

delay in processing the action, which raised questions regarding the veracity of Mr.

Pinson's claims, *see* No. 12-cv-02802-LTB at ECF No. 42.  Three of Mr. Pinson's

complaints were drawn to a district judge for review on the merits, including No. 13-cv-

00104-RBJ-BNB, No. 13-cv-00749-RM-BNB, and No. 13-1384-RM-BNB.

Mr. Pinson's propensity to engage in abusive litigation conduct and to present unbelievable claims was established in Case No. 13-cv-01384-RM-BNB, when Judge Moore found adequate support for this characterization based on the frequency of Mr. Pinson's filings and the testimony at the hearing before Magistrate Judge Boland on January 14, 2014.  Mr. Pinson filed an emergency motion in Case No. 13-cv-01384 on September 27, 2013, claiming that Dr. Kasdon, the only defendant remaining in this case, denied him mental health treatment and threatened to have him murdered.  No. 13-cv-01384 at ECF No. 34.  Specifically, testimony was received from Defendant Kasdon and the BOP officers who accompanied Ms. Kasdon at the time the alleged incident occurred.  *Id.*  Dr. Kasdon and the officers testified that no contact was made with Mr. Pinson, nor was any statement made to or about Mr. Pinson by Dr. Kasdon when she made her rounds on Mr. Pinson's range on September 27, 2013.  *Id.* at 4.  Magistrate Judge Boland found this testimony credible.  Mr. Pinson's testimony and allegations, however, were found wholly incredible, because at the hearing, after Mr. Pinson viewed the video tape that showed Dr. Kasdon did not stop at his cell or speak to him, Mr. Pinson testified Dr. Kasdon made the statements while she was in front of the neighboring cell.  *Id.* at 6.  Mr. Pinson's testimony at the hearing was found to be unbelievable and self-serving, especially in light of the evidence to the contrary.  *Id.*

Mr. Pinson's truthfullness also was called into question in No. 13-cv-00104-RBJ-BNB, when Judge Jackson dismissed Mr. Pinson from the action for submitting pleadings that contained signatures of coplaintiffs who asserted they did not sign the pleadings.  *See* No. 13-cv-00104-RBJ-BNB at ECF No. 48.

9

Finally, in No. 13-cv-00749-RM-BNB, Magistrate Judge Boland held a hearing on January 22, 2014, and entered a recommendation regarding Mr. Pinson's motion for injunctive relief to enjoin BOP staff from deploying extraction chemicals near his cell because of his asthmatic condition and the asthma attacks he has had due to previous deployments.  No. 13-cv-00749 at ECF Nos. 69 and 78.  In the recommendation, Mr. Pinson's testimony and the testimony of  his witness were found to be incredible regarding Mr. Pinson's asthma attack.  ECF No. 78 at 6.

Mr. Pinson has five prisoner complaints pending initial review by this Court, including this case and Nos. 13-cv-1990-BNB, 13-cv-02681-BNB, 14-cv-00285-BNB, and 14-cv-00645-BNB.  Mr. Pinson also has six 28 U.S.C. § 2241 actions pending initial review in this Court that challenge multiple disciplinary actions based on his mental illness.

In this case, pursuant to his § 1915(g) restrictions, Mr  Pinson is required to provide "specific fact allegations of **ongoing** serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).  Vague or conclusory allegations of harm are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

First, Mr. Pinson challenges Defendant Shatto's decision not to call a doctor or poison control on May 3, 2013, when Mr. Pinson allegedly overdosed on a large number of aspirin, allergy tablets, and other unknown medications.  Mr. Pinson claims he received no medical treatment despite severe vomiting, pain, and dizziness.  Second, Mr. Pinson challenges Defendant Armijo's delay in summoning a doctor or ambulance

when he overdosed on 100 tablets of Tylenol on June 8, 2013.  Third, Mr. Pinson claims he was given an "emergency drug" at the hospital to prevent liver failure and was prescribed several medications for pain, stomach acid, and nausea which were denied by Defendant Camacho on June 10, 2013, when Mr. Pinson returned to the prison and was placed on medication restriction due to the overdose.  Finally, Mr. Pinson asserts that Defendant Sutton refused to open Mr. Pinson's cell when Physician Assistant Osagie came to see him on June 10, 2013, and told Mr. Osagie that Mr. Pinson was on medication restriction.  In the Complaint, Mr. Pinson asks that the BOP be enjoined from discontinuation of medications prescribed by non-BOP physicians without a physical examination and from banning opiate pain medication for nonmedical reasons.

In the July 8, 2013 motion for injunctive relief, Mr. Pinson asks that the Court enjoin Defendant BOP from denying Prilosec, Oxycodone, and Zofran, which were prescribed by St. Thomas Amore Hospital doctors and that he be allowed to see a GI specialist because he developed an ulcer while he was at the hospital.  The July 8 motion only names the BOP as the party to be enjoined.

Mr. Pinson's medical treatment during the two suicide attempts does not indicate a pattern of misconduct evidencing the likelihood of imminent danger of serious physical injury.  Mr. Pinson asserts a general claim that Defendants Shatto and Andreis have a history of not summoning a doctor or ambulance, but he does not claim either of them was responsible for the alleged delay in being transported to the hospital on June 9.  He asserts only that they decided not to transport him to the hospital or call a doctor at the time of the May 3 attempt.  Other than severe vomiting, pain, and dizziness, from May 3 through May 4, Mr. Pinson asserts no other physical injury that resulted from his

11

ingesting of aspirin, allergy tablets, and other unknown pills on May 3.

Although he claims a deliberate delay in transporting him to a hospital after the June 8 attempt, Mr. Pinson was transported to a hospital, where he was given an "emergency drug" to prevent liver failure.  Again, the Court finds no imminent danger of serious physical injury or a continuing pattern of misconduct evidencing the likelihood of imminent serious physical injury regarding the alleged delay in his transport to the hospital on June 9.

Mr. Pinson's propensity to attempt suicide is documented in *United States v. Pinson*, 542 F.3d 2008 10th Cir. 2008) (finding Mr. Pinson attempted suicide several times while he was being evaluated in Fort Worth, Texas, to determine his competency to stand trial), and Mr. Pinson asserts his attempts in May and June 2013 were by allegedly ingesting an overabundance of different medications.  Based on Mr. Pinson's overdose of medications in each of the two suicide attempts, Defendant Camacho's placing Mr. Pinson on medication restriction on June 10, 2013, does not state an imminent danger of serious physical injury or a continuing pattern of misconduct evidencing the likelihood of imminent serious physical injury.  Defendant R. Camacho is a physicians assistant, *see Womack v. Berkebile, et al.*, No. 13-cv-01866-WJM-MJW (D. Colo. Filed July 11, 2013) (Mr. Camacho is identified as a physician's assistant), and Mr. Pinson's claim regarding the restriction of his medications on June 10, 2013, is no more than a difference of medical opinion.  Mr. Pinson does not assert that Mr. Camacho continued the medication restriction beyond June 10.  He also does not assert that he requested a review of any medication restrictions or informed prison staff that he continues to vomit blood and is in excruciating pain, and yet has been denied

12

treatment.

Furthermore, Mr. Pinson does not assert in the July 8 motion for injunctive relief that Defendant Camacho is responsible for the alleged continuing medication restriction. Mr. Pinson's request to see a GI specialist also is unsupported by specific factual allegations that he is in imminent danger of physical injury.  The claim is conclusory and vague.  Mr. Pinson fails to state specifically when he requested to see a GI specialist and if so that his request was denied.

The Court also takes notice of the Administrative Remedy Generalized Retrieval Report that Warden Berkebile submitted in *Pinson v. Berkebile*, No. 14-cv-00423-BNB, ECF No. 10-4 (D. Colo. Filed Feb. 14, 2014).  The validity of the Report is substantiated by Benjamin J. Brieschke.  *Id.* at ECF No. 10-1.  Mr Brieschke attests that each formal complaint by an inmate is logged into the SENTRY database and that since November 29, 2012, (to February 10, 2014), Mr. Pinson has filed seventy-eight complaints or appeals.  From June 13, 2013, through February 10, 2014, Mr. Pinson submitted twenty-four requests for administrative remedy, but none of the requests seeks a remedy regarding the denial of medications for his alleged stomach problems or for an appointment with a GI specialist.  *Id.*  During this time, Mr. Pinson did challenge the following: (1) his ability to correspond with other inmates (multiple times); (2) delay of special visit request; (3) rejection of outgoing correspondence (multiple times); (4) rejection of publications (multiple times); (5) no participation in "team"; (6) housing assignment; (7) denial of legal visits; (8) staff misconduct; (9) mail restriction; (10) classification; (11) assault by another inmate; (12) denial of television and of general population placement; (13) disciplinary proceedings (multiple times); (14) exposure to

OC; (15) retaliation and discrimination (multiple times); and (16) no transfer to Stages Program and psychological treatment.  Mr. Pinson has suggested in previous filings in this Court that prison staff refuse to provide him with proper forms to appeal.  He does not make that claim in this case.  In fact, he asserts that he has exhausted his administrative remedies.

Mr. Pinson, therefore, has initiated three or more actions that count as strikes pursuant to 28 U.S.C. § 1915(g) and he is not under imminent danger of serious physical injury with respect to the asserted claims against named Defendants in this action.  Pursuant to § 1915(g) he is precluded from bringing the instant action *in forma pauperis* against these Defendants and will be denied leave to proceed pursuant to 28 U.S.C. § 1915.

Finally, contrary to Mr. Pinson's assertion that he has exhausted his administrative remedies regarding his stomach concerns, the Administrative Remedy Report submitted in Case No. 14-cv-00423-BNB does not list any entries confirming Mr. Pinson's exhaustion of the claims he raises in this action.

In view of this history and Mr. Pinson's repeated lack of candor, even if he were to assert now that he was denied the proper forms to challenge his alleged stomach issues, his claim would be incredible.  Mr. Pinson has been able to submit twenty-four new requests and process another fifty-four regional and central office appeals since November 2012.  He also has asserted previously in this Court that he is well versed on how to file administrative remedies.  *See Pinson v. Davis*, No. 11-cv-00608-WYD, ECF No. 15 at 6 (D. Colo. March 10, 2011), and the Administrative Remedy Report indicates that he has in the past challenged his counselor's failure to issue a BP-9 form.  Case

No. 14-cv-00423-BNB, ECF No. 10-4  at 4.  There are no entries in the Report indicating that Mr. Pinson attempted to file a BP-9 form complaining about his ongoing stomach problems.  Nor is there any entry in the Report that Mr. Pinson sought to challenge a denial of a BP-9 form by a staff member after June 13, 2013.

The Court, therefore, will direct service on Defendants for the limited purpose of submitting to the Court a report on whether Mr. Pinson has exhausted the issues presented in this case and what formal or informal complaints he has submitted to BOP prison staff regarding the claims at issue in this case.  *See Martinez v. Aaron,* 570 F.2d 317, 319 (10th Cir.1978) (approving district-court procedure of requiring prison officials named in civil-rights lawsuits to investigate and report to court on relevant facts at outset of case).  Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF. No. 3, is denied.  It is

FURTHER ORDERED that Mr. Pinson shall have **thirty days from the date of this Order** to pay the entire $400.00 filing fee if he wishes to pursue his claims in this action.  It is

FURTHER ORDERED that if Mr. Pinson fails to pay the entire $400.00 filing fee within the time allowed, the Complaint and the action will be dismissed without further notice.  It is

FURTHER ORDERED that the Clerk of the Court shall serve Defendants for the purpose of providing a report as described in this Order.  It is

15

FURTHER ORDERED that Defendants shall have twenty-one days from the date of this Order to file the report.  It is

FURTHER ORDERED that Plaintiff shall have twenty-one days to file a response to the report.  It is

FURTHER ORDERED that the Motion for Leave to Effect Service, ECF No. 7, is improperly filed in this case.

DATED March 18, 2014, at Denver, Colorado.

BY THE COURT:


_s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court