IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01567-BNB

JEREMY PINSON,

    Plaintiff,

v.

LIEUTENANT ARMIJO,
LIEUTENANT SHATTO,
OFFICER SUTTON,
M. ANDREIS,
FEDERAL BUREAU OF PRISONS, and
R. CAMACHO,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Jeremy Pinson, is in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary-ADX in Florence, Colorado. On June 13, 2013, Plaintiff initiated this action by filing *pro se* a Prisoner Complaint that alleges a violation of his constitutional rights. He seeks money damages and an injunction against Defendants from automatically discontinuing his prescribed medications without performing a physical examination and evaluation. Plaintiff also seeks an injunction against Defendants from banning opiate pain medications for non-medical reasons.

    The Court must construe the Prisoner Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the

Court will dismiss this action with prejudice for failure to exhaust administrative remedies.

On March 18, 2014, the Court found that the Plaintiff is precluded from bringing any of the claims asserted in this action without payment of the $400 filing fee because he is subject to filing restrictions under 28 U.S.C. § 1915(g) and is not under imminent danger of serious physical injury with respect to the claims asserted.

The Court also discussed in the March 18 Order Plaintiff's history of abusive litigation, including his propensity to (1) voluntarily dismiss actions and delay the processing of cases even after he has asserted imminent danger; (2) present unbelievable claims; and (3) submit fraudulent documents to the Court. In this case, Plaintiff represents that he has exhausted all of the claims. The Court took notice of the Administrative Remedy Generalized Retrieval Report that Warden Berkebile submitted in *Pinson v. Berkebile*, No. 14-cv-00423-BNB (D. Colo. Filed Feb. 14, 2014), and determined that the Report showed no entries confirming Plaintiff's exhaustion of the claims he raises in this action, even though he was able to submit seventy-eight remedy requests or appeals since November 29, 2012. The Court then requested that Defendants submit a report stating whether Plaintiff has exhausted the issues he presents in this action and what formal or informal complaints he submitted to BOP prison staff regarding any of the issues.

Within approximately one week of the March 18 Order, Plaintiff filed a Motion to Dismiss. Plaintiff asserts in the Motion that he seeks to dismiss this lawsuit "pursuant to an informal agreement with Executive Staff at ADX Florence with who plaintiff agreed to voluntarily dismiss" this case and other pending cases "during a discussion with ADX Warden David Berkebile on March 12, 2014." Mot., ECF No. 14. Counsel, on Warden

David Berkebile's behalf, filed a Response to the Motion to Dismiss, ECF No. 17. In a Declaration attached to the Response, Warden Berkebile asserts that he talked with Plaintiff during the week of March 10, 2014, about opportunities for him to transition to less secure housing as long as he demonstrates a commitment to participating in recommended programs. Resp., ECF No. 17-1, Berkebile Decl., at 2. Warden Berkebile further asserts that he did not offer any agreement for dismissal of Plaintiff's cases and did not discuss with Plaintiff any informal agreement with ADX executive staff, regarding a voluntary dismissal of his cases, or authorized anyone else to offer any agreement. *Id.* Plaintiff's Motion is another example of his dishonesty.

On April 8, 2014, the United States Attorney, on behalf of Defendants, responded to the Court's March 18 Order and confirmed that Plaintiff had not exhausted the claims he raises in this Complaint. Plaintiff did not reply to the April 8 Response and has not otherwise denied Defendants' statements.

Based on the above findings, the Court will deny the Motion to Dismiss and dismiss the action with prejudice because the Plaintiff has not paid the filing fee within the time allowed and the claims are subject to dismissal for failure to exhausted administrative remedies.

Ordinarily dismissal of an unexhausted claim is without prejudice. *See Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006), *overruled in part on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008). Because Plaintiff did not exhaust his administrative remedies prior to filing this action, but asserts he did in the Complaint, the Court finds Plaintiff again is engaging in abusive litigation in this Court. This is not the first time that Plaintiff has filed an action only to have it dismissed

at a later date because he has failed to exhaust his administrative remedies.[1]

A dismissal of this action with prejudice is justified. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Plaintiff's continual filing of unexhausted claims prejudices defendants because they must address the claims even though they are improperly filed, and it interferes with the efficient use of the Court's limited resources. Plaintiff is aware of the need to exhaust his remedies before initiating a prisoner complaint in this Court and, based on his disregard of this requirement, dismissal with prejudice is a proper sanction. *Id.*

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

---

[1] *See Pinson v. St. John, et al.*, No. 10-cv-01832-RBP-HGD (N.D Ala. Feb. 25, 2013) (claims legal mail opened outside his presence in complaint and injunctive motion; injunctive motion denied; dismissed for failure to pay initial partial filing fee; motion to vacate dismissal, which was granted; court ordered special report about claims; Pinson filed motion for default judgment regarding special report that was not signed and was stricken; Circuit withdrew order to allow partial payments because Pinson conceded he is subject to § 1915(g) restrictions; special report treated as motion for summary judgment, recommendation entered for dismissal with prejudice finding Pinson failed to exhaust and the remedy no. he claims is associated with the exhaustion was not submitted during the time period at issue, ECF No. 44 at 10, Pinson now is time barred from pursuing an administrative remedy); *Pinson v. Fed. Bureau of Prisons, et al.*, No. 07-cv-00346-RC-KFG (E.D. Tex. Aug. 2, 2007) (recommendation to dismiss for failure to exhaust remedies; Pinson then filed notice of voluntary dismissal that was granted); *Pinson v. Watkins, et al.*, No. 06-cv-00323-F (W.D. Okla. May 9, 2007) (claims failure to protect and identified as snitch; Pinson was appointed counsel; action was dismissed in part without prejudice for failure to exhaust claim and in part with prejudice as procedurally barred due to untimely grievance).

ORDERED that all pending motions are denied.  It is

FURTHER ORDERED that the Complaint and the action are dismissed with prejudice based on the above findings.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  14th   day of      May           , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court